Elliott J. Stein
Bradley L. Mitchell
**STEVENS & LEE, P.C.**
A Pennsylvania Professional Corporation
100 Lenox Drive
Suite 200
Princeton, New Jersey 08648
(609) 243-9111
Attorneys for Plaintiff

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PIANO WELLNESS, LLC, a New Jersey limited liability company, | ) ) ) |
| Plaintiff, | ) Civil Action No.: ) ) |
| v. | ) ) |
| CHARLOTTE K. WILLIAMS, a citizen of the State of Georgia, individually and trading as Keyboard Wellness, | ) **AMENDED COMPLAINT** ) **AND JURY DEMAND** ) ) |
| Defendant. | ) ) |

### AMENDED COMPLAINT

Plaintiff, Piano Wellness, LLC (hereinafter, "WELLNESS"), by its attorneys, Stevens & Lee, P.C., says as and for its Amended Complaint against Charlotte K. Williams (hereinafter, "WILLIAMS"):

#### PARTIES

1. WELLNESS is a New Jersey limited liability company with principal offices in Cherry Hill, Camden County, New Jersey.

2. WILLIAMS is a citizen of the State of Georgia, with offices at Marietta, Georgia and also trades under the name KeyboardWellness.com.

## JURISDICTION AND VENUE

3. This is an action for breach of contract and breach of warranties.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) (diversity of citizenship) insofar as the amount in controversy exceeds $75,000.00 and 28 U.S.C. §§ 2201 and 2202, insofar as WELLNESS seeks a declaratory judgment in respect of an actual controversy between WELLNESS and WILLIAMS.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(a) in that the actions of WILLIAMS were intended to cause and did, in fact, cause the property of WELLNESS to be damaged in this district.

## FACTS COMMON TO ALL COUNTS

6. WELLNESS is the successor-in-interest to the business created by Sheila Paige in the 1990's. Sheila Paige has, for over twenty-five years, taught pianists and other keyboard musicians valuable techniques to improve their musical abilities and avoid injuries common in their profession.

7. At least as early as 2000, Sheila Paige began giving "Piano Wellness Seminars" and called her business "Piano Wellness."

8. At least as early as 2000, Sheila Paige adopted the trademarks "PIANO WELLNESS" and "PIANO WELLNESS SEMINAR" to describe the services that she was offering.

2

9. At about the same time, Sheila Paige also adopted the trademarks "KEYBOARD WELLNESS" and "KEYBOARD WELLNESS SEMINAR" to describe the services that she was offering.

10. Sheila Paige invested heavily in promoting her business and the trademarks "PIANO WELLNESS", "PIANO WELLNESS SEMINAR", "KEYBOARD WELLNESS" and "KEYBOARD WELLNESS SEMINAR".

11. In 2003, WILLIAMS became associated with Sheila Paige's business and later became a shareholder in Piano Wellness Enterprises Corp., a New Jersey corporation, formed in 2005 to continue that business and the predecessor of WELLNESS.

12. In early 2006, a dispute arose between WILLIAMS and PWEC and WILLIAMS' relationship with the business was terminated.

13. At or about this time, WILLIAMS filed applications with the United States Patent and Trademark Office to register – in her own name – several trademarks previously adopted and used by Sheila Paige and PWEC.

14. At the same time, WILLIAMS filed applications with the United States Copyright Office to register – again, in her own name – several works created by and for Sheila Paige and PWEC prior to WILLIAMS' departure.

15. Later, in 2006, WELLNESS was formed and succeeded to the rights and business of PWEC. WELLNESS subsequently received registered trademarks for "PIANO WELLNESS SEMINAR" (No. 3,777,126) and "KEYBOARD WELLNESS SEMINAR" (No. 3,713,595).

16. Throughout 2006, 2007 and the early part of 2008, WILLIAMS asserted claims against Sheila Paige, PWEC and WELLNESS including claims for trademark infringement and copyright infringement and as a shareholder of PWEC.

17. On April 17, 2008, WILLIAMS filed suit against Sheila Paige, PWEC and WELLNESS in the United States District Court for the Northern District of Georgia (Atlanta Division) alleging, *inter alia*, that one or more of the Defendants in that case was infringing her trademarks and copyrights (the "Earlier Litigation").

18. At the same time, WILLIAMS contacted the organizations that hosted the websites used by Sheila Paige, PWEC and WELLNESS and demanded that they be disabled and those organizations responded by disabling those websites.

19. On September 15, 2008, a tentative settlement was reached in the Earlier Litigation.

20. Later, a Settlement Agreement (dated as of September 15, 2008; the "Settlement Agreement") was executed by WILLIAMS and by Sheila Paige for herself, PWEC and WELLNESS (referred to, collectively, as "Piano Wellness").

21. The Settlement Agreement provided that Piano Wellness was to pay WILLIAMS the sum of $11,875.00. (Section 1.)

22. The Settlement Agreement provided at Section 5. that

> **Piano Wellness' Retention of Rights to "PIANO WELLNESS" Marks and Copyrights.** Piano Wellness Enterprises Corporation, Piano Wellness, L.L.C., and/or Sheila Paige shall retain all intellectual property rights to marks and works comprised of or incorporating the PIANO WELLNESS name and/or designs, and all works pertaining to PIANO WELLNESS or the PIANO WELLNESS SEMINAR(S), including the right to register such marks and works. Williams

4

shall not use any mark or symbol likely to cause confusion with PIANO WELLNESS marks or creating works referring to PIANO WELLNESS or the PIANO WELLNESS SEMINAR(S), and Williams will not represent to any party that she owns rights to said marks or works.

23. The Settlement Agreement provided at Section 8.a. that:

    a. **"www.pianowellnessseminar.com".** Upon GoDaddy's revival of the website accessible through "www.pianowellnessseminar.com," responsive to the letter described at ¶ 7, above, Piano Wellness shall remove any reference to the title "Simple Solutions to Common Problems" but shall otherwise be permitted to maintain the contents of all web pages as they existed before GoDaddy's suspension of that website, and Williams shall not represent to any party that she owns rights to material appearing in that website. At or before the Closing, Williams shall transfer and assign to Sheila Paige, any heretofore undisclosed domains owned by Williams that are likely to create confusion with the PIANO WELLNESS mark and domain.

24. The Settlement Agreement provided at Section 9. that:

**Release of Claims of Shares of Piano Wellness Enterprises Corporation.** Williams hereby acknowledges that she never received any stock in Piano Wellness Enterprises Corporation (hereinafter "PWE"), and forever releases any claim she may have had, or may have in the future, to any shares of PWE. Williams confirms that she has and shall have no ownership interest in PWE.

25. The Settlement Agreement provided at Section 10. that:

**Return of DVDs and Related Items to Piano Wellness.** After the signing of this Agreement by the Parties, Piano Wellness' counsel shall arrange for the shipment of items to be made available by Williams for shipment from Williams' residence, such items comprising all copies of DVDs from two lectures from 2005 entitled "Innovations in Technique" and "If it Hurts Here, Check This," as well as any and all shipping boxes, labels, packaging, and master tapes or raw footage relating to such DVDs or Sheila Paige. Williams shall allow the shipment to occur on the morning of the Closing Date, before the closing occurs.

26. The Settlement Agreement provided at Section 13 that:

**Non-Disparagement.** The Parties agree that the intent and purpose of this Agreement is to end all disputes between them and to avoid any future disputes. In order to accomplish this objective, the Parties agree that neither party will

disparage the other to the public or within the industry in which they operate. Piano Wellness agrees that it will make no claim to the term "Save the Pianist" or "Paradise" in writing, orally, in any legal proceeding, in any administrative forum, in any internet site, in any trademark, or in any copyright; and to the extent any such claim has previously been made, Piano Wellness will, at or before the Closing, promptly execute the appropriate documentation to evidence the transfer or abandonment of such claim, including the Domain Name Transfer Agreement shown in Schedule D.  Williams agrees that she will make no claim to the term "Piano Wellness" or "Piano Wellness Seminar(s)" in writing, orally, in any legal proceeding, in any administrative forum, in any internet site, in any trademark, or in any copyright; and to the extent any such claim has previously been made, she will, at or before the Closing, execute the appropriate documentation to evidence the transfer or abandonment of such claim, including the Express Surrender for Cancellation of Trademark Registration shown in Schedule E (which, when signed, may be transmitted to the U.S. Patent and Trademark Office by Piano Wellness' counsel at Piano Wellness' cost), and the Assignment of Copyright shown in Schedule F.

27.     The Settlement Agreement provided at Section 2 that:

**<u>Dismissal of the Litigation and Mutual Release.</u>**  In the form set forth in Schedule A to this Agreement, the parties through their legal counsel shall, on the Closing Date, execute and file a joint stipulation of dismissal with prejudice of all claims asserted by each Party in the Litigation. All rights of appeal of any rulings in the Litigation shall be waived, and the Parties agree that they shall bear their own costs and attorneys' fees in connection with the Litigation.  Upon the execution of this Agreement, the parties release and forever discharge one another from any and all past, present, or future claims, demands, obligations, actions, causes of action, rights, damages, costs and fees, loss of services, expenses and compensation of any kind or nature whatsoever, whether based in common law, tort and/or contract or any theory of recovery, which either party now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of, the Litigation, including, without limitation, any and all known or unknown claims which have resulted or may hereafter result from this Litigation.

28.     WELLNESS paid WILLIAMS the sum stated in the Settlement Agreement and, together with Sheila Paige and PWEC, performed its other obligations under the Settlement Agreement.

29. Notwithstanding the Settlement Agreement, on March 31, 2009, WILLIAMS filed an application to register the trademark "KEYBOARD WELLNESS.COM" with the United States Patent and Trademark Office.

30. WILLIAMS adopted, used and attempted to register the trademark "KEYBOARD WELLNESS.COM" notwithstanding the fact it is "likely to cause confusion with "PIANO WELLNESS marks" in violation of the Settlement Agreement.

31. Notwithstanding the Settlement Agreement, at or about the same time, WILLIAMS established a website at www.keyboardwellness.com – a domain that she had not disclosed to Piano Wellness at the time that the Settlement Agreement was executed.

32. Notwithstanding the Settlement Agreement, WILLIAMS has refused to assign that domain to WELLNESS as directed by Sheila Paige.

33. Notwithstanding the Settlement Agreement, WILLIAMS has continued to assert the rights as a shareholder in PWEC.

35. Notwithstanding the Settlement Agreement, WILLIAMS retained and, in fact has sold, certain DVD recordings in violation of the Settlement Agreement despite WELLNESS' demands that WILLIAMS return the items.

36. Notwithstanding the Settlement Agreement, WILLIAMS has disparaged WELLNESS in violation of the Settlement Agreement.

37. Notwithstanding the Settlement Agreement, WILLIAMS contacted the organizations that hosted the websites used by WELLNESS and demanded that they be disabled and those organizations responded by disabling the websites.

38. Notwithstanding the Settlement Agreement, WILLIAMS has continued to claim that WELLNESS is infringing her trademarks and copyrights in violation of the Settlement Agreement

39. WELLNESS brings this action to collect damages for WILLIAMS' breach of the Settlement Agreement and for a judgment declaring that WILLIAMS has no claims for trademark or copyright infringement against, WELLNESS, Sheila Paige or PWEC and has no shareholder rights in WELLNESS or PWEC.

<u>C</u><u>OUNT</u> <u>O</u><u>NE</u>

**BREACH OF CONTRACT**

40. WELLNESS hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 39, inclusive, as though fully set forth herein.

41. WILLIAMS has breached the Settlement Agreement by "using a mark or symbol likely to cause confusion with PIANO WELLNESS marks…and represent[ing] to any party that she owns rights to said marks…"

42. WILLIAMS has breached the Settlement Agreement by failing and refusing to assign to WELLNESS her undisclosed domains, "that are likely to create confusion with the PIANO WELLNESS mark and domain," including, but not limited to www.keyboardwellness.com.

43. WILLIAMS has breached the Settlement Agreement by continuing to assert that she has right as a shareholder of PWEC.

8

44. WILLIAMS has breached the Settlement Agreement by failing to return and subsequently sell DVD's in violation of Sections 10 and 11 of the Settlement Agreement.

45. WILLIAMS has breached the Settlement by disparaging WELLNESS in violation of Section 13 of the Settlement Agreement.

46. WILLIAMS has breached the Settlement Agreement by asserting claims against WELLNESS that are barred by Section 2 of the Settlement Agreement.

47. WILLIAMS has otherwise breached the Settlement Agreement.

48. WELLNESS has been damaged as a result of WILLIAMS' repeated and material breaches of the Settlement.

49. WELLNESS has suffered and will continue to suffer irreparable harm if WILLIAMS' unlawful conduct is not enjoined.

### COUNT TWO

### REQUEST FOR DECLARATORY JUDGMENT

50. WELLNESS hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 49, inclusive, as though fully set forth herein.

51. Section 2 of the Settlement, by its terms, bars "past, present or future claims, demands, obligations, actions, causes of action, rights, damages, costs and fees, loss of services, expenses and compensation of any kind or nature whatsoever, whether based in common law, tort and/or contract or any theory of recovery, which either party now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of, the [Earlier

Litigation], including, without limitation, any and all known or unknown claims which have resulted or may hereafter result from [the Earlier Litigation].

52. There is a substantial and continuing controversy between WELLNESS and WILLIAMS and a declaration of rights is both necessary and appropriate to establish that WILLIAMS can no longer assert claims against WELLNESS for trademark or copyright infringement, or any other claims on account of or which grew out of the [Earlier Litigation] including, without limitation, any and all known or unknown claims which resulted or may thereafter resulted from [the Earlier Litigation] excepting only claims for breach of the Settlement Agreement.

53. If the rights of the parties are not declared by this Court, and WILLIAMS is permitted to continue to assert claims that she released in the Settlement Agreement, WILLIAMS will be able to interfere with the business of WELLNESS by, *inter alia*, demanding that organizations that host WELLNESS' websites take down those websites, thereby crippling WELLNESS' business.

WHEREFORE, WELLNESS prays for the following relief:

A. Awarding compensatory damages in favor of WELLNESS and against WILLIAMS; and

B. Entering a preliminary and permanent injunction restraining WILLIAMS, together with their officers, employees, agents, successors and assigns or others acting in concert with her, from using the trademark "KEYBOARD WELLNESS.COM" or any trademark likely to cause confusion with WELLNESS' trademarks; and

C. Directing WILLIAMS to assign the domain www.keyboardwellness.com to WELLNESS, as well as other domains which she owns that are likely to create confusion with the PIANO WELLNESS mark and domain; and

D. Directing WILLIAMS to return all copies of the DVD's described in Section 10. and 11. of the Settlement Agreement; and

E. Directing WILLIAMS to comply with Section 13 of the Settlement Agreement; and

F. Declaring that WILLIAMS can no longer assert claims against WELLNESS for trademark or copyright infringement, or any other claims on account of or which grew out of the [Earlier Litigation] including, without limitation, any and all known or unknown claims which resulted or may thereafter resulted from [the Earlier Litigation] excepting only claims for breach of the Settlement Agreement; and

G. Entering a preliminary and permanent injunction restraining WILLIAMS, together with their officers, employees, agents, successors and assigns or others acting in concert with her, from asserting claims against WELLNESS for trademark or copyright infringement, or any other claims on account of or which grew out of the [Earlier Litigation] including, without limitation, any and all known or unknown claims which resulted or may thereafter resulted from [the Earlier Litigation] excepting only claims for breach of the Settlement Agreement; and

H. Awarding of attorneys' fees and costs pursuant to WELLNESS; and

I. Granting such other relief as the Court deems just and equitable under the circumstances.

SL1 1358032v2 103582.00001

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues triable to a jury.

Respectfully submitted,

Dated: December 18, 2015    /S/ *Elliott J. Stein*
Elliott J. Stein (ejs@stevenslee.com)
Bradley L. Mitchell (blm@stevenslee.com)
STEVENS & LEE, P.C.
100 Lenox Drive
Suite 200
Lawrenceville, NJ  08648
(609) 243-9111

Attorneys for Plaintiff
PIANO WELLNESS, LLC

SL1 1358032v2 103582.00001